**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ATLC, INC., A FLORIDA CORPORATION;**

**Plaintiff,**

**v.** **Case No.: 6:24-cv-00212-ACC-NWH**

**BROADBAND ITV, INC., A FOREIGN CORPORATION; GERALD J. DAIGLEJR., CLIFTON Y. KAGAWA, ADRIENNE E. LEFF, GLENN T. YAMASHITA, MILTON DIAZ PEREZ, ALBERT PLEUS,**

**Defendants,**
**________________________________/**

**ORDER**

This cause comes before the Court on Plaintiff ALTC, Inc.'s ("Plaintiff") Motion for Miscellaneous Relief. (Doc. 325). Defendant Broadband iTV, Inc. ("Defendant") has responded in opposition to Plaintiff's Motion. (Doc. 334). At this Court's direction, Plaintiff also filed a supplemental brief on the procedural issues involved in the case. (Doc. 339). Defendant elected not to respond to the supplemental brief. (Doc. 340). The motion is now ripe for decision. For the reasons set forth below, Plaintiff's Motion will be granted in part and denied in part.

## BACKGROUND

In 2012, Plaintiff and Defendant entered into a representation agreement where Plaintiff agreed to represent Defendant in its attempt to monetize certain patents. (Doc. 260 at 1–2). In December of 2018, the parties replaced their representation agreement with a Security Interest Release Agreement ("SIRA"). (*Id.* at 2). Under the SIRA, Defendant was obligated to pay Plaintiff 10% of the "net proceeds" attributable to any third-party agreements within 30 days of actual receipt of the proceeds. (*Id.*)

On April 10, 2026, this Court granted summary judgment for Plaintiff, finding that Defendant had failed to pay Plaintiff 10% of a $35 million third-party agreement with AT&T and DirecTV. (*Id.* at 14–15). After making deductions for amounts Defendant already paid Plaintiff and taking into account contractual limitations, this Court determined ALTC's actual damages to be $2,354,563. (*Id.*; Doc. 321).

The parties proceeded to a bench trial on the remaining claims. (Doc 316; Doc. 317). At the close of Plaintiff's evidence, the Court granted Defendant's Rule 52(c) Motion for Judgment on Partial Findings and entered final judgment for the Defendant on all remaining counts. (Doc. 319; Doc. 321).

On September 9th, 2026 Plaintiff moved this Court to amend the portion judgment it entered in its favor. (Doc. 325). Specifically, it asked this Court for three things:

1. A modification of the judgment under Federal Rules of Civil Procedure 59(e) and 60(a) to include an award of pre -judgment interest;
2. A modification of the judgment under Federal Rules of Civil Procedure 59(e) and 60(a) to include an award of post-judgment interest;
3. Post-judgment discovery from Defendant, specifically an order requiring Defendant to complete Florida Rule of Civil Procedure Form 1.977. (Doc. 325).

After reviewing the motion, the Court entered an order noting that it lacked jurisdiction to proceed under Rule 60(a) without leave from the Eleventh Circuit since an appeal of the case had been docketed. (Doc. 337). Rather than seeking leave for this Court to proceed, Plaintiff withdrew any claims under Rule 60(a) and elected to proceed only under Rule 59(e). (Doc. 338).

## ANALYSIS

The Court now takes each of Plaintiff's three requests in turn.

## I. PLAINTIFF IS ENTITLED TO PREJUDGMENT INTEREST FROM THE DATE OF THIS COURT'S SUMMARY JUDGMENT ORDER

"In a diversity case [the Court] follow[s] the state law governing the award of interest." *Royster Co. v. Union Carbide Corp.*, 737 F.2d 941, 948 (11th Cir. 1984) Both parties agree that Florida state law governs the substantive aspects of this 28 U.S.C. § 1332 diversity case. (Doc. 325 at 3; Doc 334 at 1). And Florida law entitles a prevailing party to prejudgment interest as "merely another element of pecuniary damages." *See Argonaut Ins. Co. v. May Plumbing Co.*, 474 So.2d 212, 214 (Fla. 1985). Thus, "prejudgment interest is a mandatory component of a plaintiff's compensatory damages in any case in which the plaintiff's loss is pecuniary in nature, including those grounded in contract." *Sos v. State Farm Mut. Auto. Ins. Co.*, No. 21-11769, 2023 WL 5608014, at *19 (11th Cir. Aug. 30, 2023).[1]

Pecuniary losses are "damages for economic or tangible losses." *Bosem v. Musa Holdings, Inc.*, 46 So. 3d 42, 43 (Fla. 2010). Here, Plaintiff's losses are for the economic harm it suffered when Defendant failed to pay a tangible sum of money. That is a textbook pecuniary loss, so Plaintiff is entitled to prejudgment interest.

The next issue is determining the date of loss. "[W]hen prejudgment interest is proper, it is to be awarded from the date of the plaintiff's actual loss . . . ." *Ariz.*

[1] Unpublished opinions of the Eleventh Circuit constitute persuasive, and not binding, authority. *See* 11th Cir. R. 36-2.

*Chem. Co., LLC v. Mohawk Indus., Inc.*, 197 So. 3d 99, 104 (Fla. 1st DCA 2016). In a contract case, the date of loss is the date the debt became due. *See Lumbermens Mut. Cas. Co. v. Percefull*, 653 So. 2d 389, 390 (Fla. 1995) ("[P]rejudgment interest is allowed in Florida for actions based on contract from the date the debt is due.").

Here, the record does not clearly establish the date the debt became due. By the terms of the SIRA, Defendant was not obligated to pay Plaintiff until Defendant actually received the money. (*See* Doc. 260 at 2 ("The SIRA requires that Defendant BBiTV pay Plaintiff its share of the Net Proceeds within 30 days of actual receipt by [Defendant] BBiTV.") (citation modified)). Thus, Plaintiff contends that the date of loss is February 17, 2022—30 days after Defendant received the first 8 million of its 35-million-dollar settlement with AT&T and DirecTV. (Doc. 329 at 4). But Defendant rightly points out the problem with this argument. February 17th is 30 days after Defendant received *part* of the settlement, not 30 days after Defendant's receipt of the entire $35 million settlement. (Doc. 334 at 2). Thus, at most, part of the debt was due on February 17th, not all the debt. February 17th is the earliest date where any debt became due, but "Florida law supports the proposition that prejudgment interest can be awarded properly from the latest possible date of loss." *SEB S.A. v. Sunbeam Corp.*, 148 F. App'x 774, 795 (11th Cir. 2005). Accordingly, fixing the date of loss as February 17, 2022, is improper.

The latest possible date of loss would be 30 days after whatever day Defendant received the last settlement payment from AT&T and DirecTV. Here, the Court does not know what that day is. Plaintiff did not ask the Court to decide the date of loss in its summary judgment motion (*See* Doc. 201), and none of the evidence Plaintiff has highlighted for the Court so far illustrates when Defendant received its last payment from AT&T and DirecTV. To remedy this deficiency, Defendant asks the Court to deny Plaintiff's motion without prejudice and allow her to refile. (Doc. 334 at 3). But the Federal Rules of Civil Procedure prevent this Court from doing so. Under Rule 59(e), which Plaintiff invokes here, the party seeking modification of a judgment must file the motion within 28 days of the judgment's issuance. Fed. R. Civ. P. 59(e). 28 days have already passed from the entry of judgment. And the Court has no authority to extend the Rule 59(e) deadline, so any denial of Plaintiff's motion would in effect be with prejudice. *See* Fed. R. Civ P. 6(b)(2). The result is that the Court must address the motion on the record before it, and that record reveals no clear date of loss.

When the date of loss is unclear, Florida Courts fix the date of loss as the date of the court action determining the amount of the loss. *See Mem'l Health Sys., Inc. v. Hamilton Staffing Sols., Inc.*, 414 So. 3d 350, 352 (Fla. 5th DCA 2025) ("When it cannot be determined from the record when the particular pecuniary losses awarded by the jury occurred, prejudgment interest must be calculated from the date of the

verdict."); *Albanese Popkin Hughes Cove, Inc. v. Scharlin*, 141 So. 3d 743, 747 (Fla. 3d DCA 2014); *Perdue Farms Inc. v. Hook*, 777 So. 2d 1047, 1055 (Fla. 2d DCA 2001); *Marmol v. Kalonymus Dev. Partners, LLC*, No. 22-20703-CIV, 2024 WL 2959997, at *10 (S.D. Fla. Feb. 23, 2024), *report and recommendation adopted,* No. 22-20703-CIV, 2024 WL 2956191 (S.D. Fla. June 12, 2024).[2] Here, the Court's grant of summary judgment for Plaintiff liquidated its loss. (*See* Doc. 260 at 14–15). Plaintiff is thus entitled to prejudgment interest from the date of this Court's summary judgment order to the date of final judgment. The Court granted summary judgment for Plaintiff on April 10, 2026, and entered final judgment on August 27, 2026.

Under Florida Statutes § 687.01 and § 55.03(3), the applicable judgment interest rate is set quarterly by Florida's Chief Financial Officer. § 55.03 requires the Court to apply the interest rate "established at the time a judgment is obtained" and compound that rate annually. The interest rate effective on April 10, 2026, was

---

[2] This Court is aware that some Courts have fixed the date of loss as the date of any pre-suit demand for payment or, in the absence of such a demand, the date of the complaint. *See Sos*, 2023 WL 5608014, at *19; *Specialized Transp. of Tampa Bay, Inc. v. Nestle Waters of N. Am., Inc.*, 356 Fed. App'x 221, 230–31 (11th Cir. 2009) (collecting cases). The cases that use the date of a pre-suit demand or complaint are non-binding, unpublished 11th Circuit cases that rely on older cases from the Fourth and Second Florida District Courts of Appeals. More recent cases from Florida's intermediate appellate courts have used the date of the court action liquidating the loss (usually a jury verdict). That includes a case from the Second District that used the date of the verdict rather than the date of the complaint or pre-suit demand. *See Perdue Farms Inc*, 777 So. 2d at 1051. This Court joins the majority of Florida state appellate courts to have recently decided the issue and fixes the date of the court action liquidating the loss of as the date of loss.

8.25% annually or .0226027% daily. *See* Judgment Interest Rates | Accounting and Auditing | Florida Department of Financial Services. Accordingly, Plaintiff is entitled to prejudgment interest on its $2,354,563 judgment from April 10, 2026, to August 27, 2026, at an annual rate of 8.25%. There are 140 days between April 10, 2026, and August 27, 2026. That entitles Plaintiff to $74,507.40 in prejudgment interest ($2,354,563 * 8.25/100 * 140/365).

Rule 59(e) allows this Court to modify a judgment to include a mandatory award of prejudgment interest. *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 175 n.3 (1989). Accordingly, this court will invoke its Rule 59(e) authority to modify the final judgment issued in this case and increase Plaintiff's total judgment to 2,429,070.40 (2,354,563 + 74,507.40).

## II. AMENDING THE JUDGMENT TO INCLUDE AN AWARD OF POSTJUDGMENT INTEREST IS UNNECCESSARY.

Next, Plaintiff asks this Court to use its Rule 59(e) authority to modify its judgment and include an award of post judgment interest. Although Plaintiff is correct that all parties who obtain a federal money judgment are automatically entitled to post-judgment interest under 28 U.S.C. § 1961, the Court is not sure Rule 59(e) allows it to modify a judgment to include a post judgment interest award. Rule 59(e) allows the Court to correct substantive errors, not clerical ones. *See Rance v. D.R. Horton, Inc.*, 316 Fed. App'x 860, 863 (11th Cir. 2008). And the failure to include an award of post-judgment interest is arguably a clerical error. *See Paladin*

*Shipping Co. v. Star Cap. Fund, LLC*, No. 1:10-CV-21612, 2014 WL 12685919, at *3 (S.D. Fla. July 29, 2014) ("Because the Motion to Amend concerns post-judgment interest, often considered collateral to a judgment, the motion could be more properly construed as made pursuant to Rule 60(b), rather than Rule 59(e) . . . ."); *Cont'l Transfert Technique Ltd. v. Fed. Gov't of Nigeria*, 850 F. Supp. 2d 277, 288 (D.D.C. 2012) ("Because Continental was statutorily entitled to an award of postjudgment interest, and because making this determination now does not require the Court to revisit the merits of Continental's claim, the Court's failure to provide for such interest can be characterized as a 'mistake arising from oversight or omission.'") (quoting Fed. R. Civ. P. 60(a)).

If the omission of post-judgment interest is a clerical mistake, the Court would have to proceed under Rule 60(a) to make any corrections. But, as this Court noted in its prior order, it has no jurisdiction to do that while an appeal of the judgment is pending unless the appellate court grants leave. (*See* Doc. 337 at 2); *Gormong v. Local Union 613, IBEW*, 714 F.2d 1109, 1110 (11th Cir. 1983). Since Plaintiff declined to seek leave from the appellate court here, the Court cannot make any corrections under Rule 60(a). (*See* Doc. 338).

In any event, using either Rule 60(a) or Rule 59(e) to modify the judgment to include a post judgment interest award is unnecessary. Under 28 U.S.C. § 1961, post-judgment interest attaches automatically, and the fact that this Court's final

judgment does not expressly address it "is of no consequence." *Nat'l Fire Ins Co. of Hartford v. Fortune Const. Co.*, 233 Fed. App'x 890, 895 (11th Cir. 2007). "[§ 1961], does not specifically provide for automatic accrual of post-judgment interest, yet it has been uniformly interpreted to do so, regardless of whether the district court order provided for post-judgment interest payments." *Christian v. Joseph*, 15 F.3d 296, 298 (3d Cir. 1994); *See also*, *Gele v. Wilson*, 616 F.2d 146, 148 (5th Cir. 1980) ("Pursuant to 28 U.S.C. s 1961, all money judgments recovered in civil cases in federal district courts automatically bear interest from the date of entry.")[3]

Accordingly, Plaintiff is entitled to post-judgment interest at the § 1961 statutory rate (which is not necessarily the 4% rate it asks for) starting on August 27th, 2026, the date the Court entered final judgment. The Court need not, and will not, amend the final judgment to reflect that.

**III. PLAINITFF IS ENTITLED TO POST-JUDGMENT DISCOVERY**

Lastly, Plaintiff requests that the Court order Defendant "to complete and return a sworn copy of the Fact Information Sheet set forth in Fla. R. Civ. P. Form 1.977, including all required attachments, within 45 days of being served with the amended

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

judgment." (Doc. 325 at 10). Federal Rule of Civil Procedure 69(a)(2), "gives judgment creditors 'the choice of federal or state discovery procedures to conduct post-judgment discovery.'" *Colvistec AG v. Equitech Int'l Corp.*, No. 2:18-cv-783-FtM-38UAM, 2019 WL 1723742, at *2 (M.D. Fla. Apr. 18, 2019) (quoting *In re Clerici*, 481 F.3d 1324, 1337 (11th Cir. 2007)). The Fact Information Sheet is "a post-judgment discovery tool made available by Florida Rule of Civil Procedure 1.560(b)[,]" so the Court will grant Defendant's request. *Id.*

**CONCLUSION**

Accordingly, Plaintiff's Motion for Miscellaneous Relief (Doc. 325) is **GRANTED IN PART AND DENIED IN PART**

Based on the foregoing, it is ordered as follows:

1. Plaintiff ALTC'S Rule 59(e) Motion for Prejudgment Interest is **GRANTED IN PART**.

2. The clerk is **DIRECTED** to amend the final judgment in this case (Doc. 321) to add a prejudgment interest award of $74,507.40, bringing Plaintiff's total money judgment on Count II of the Third Amended Complaint to 2,429,070.40.

3. Plaintiff's Rule 59(e) Motion to Amend the Judgment to include an award of post-judgment interest is **DENIED**.

4. Plaintiff's Motion for Post-Judgment Discovery is **GRANTED**.

5. Defendant Broadband iTV is **ORDERED** to complete and return to

Plaintiff Fla. R. Civ. P. Form 1.977, including all required attachments, within 45 days of this Court entering the amended final judgment.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on October 21, 2026.

/s/ Anne C. Conway
Anne C. Conway
United States District Judge

Copies furnished to:

Counsel of Record